## Yanko v. Donaldson

*Mindlin & Sigmon*, for plaintiff.

*Lewis R. Long* and *Joseph Walker*, for defendant.

FRACK, J., March 8, 1948.—We have before us preliminary objections whereon a rule was granted to

show cause why a more specific complaint in assumpsit should not be filed. The preliminary objections were filed by defendant, W. Lyle Donaldson, to a complaint filed by plaintiff, Eugene Yanko.

On August 20, 1946, plaintiff and defendant entered into a written contract providing for the construction of a dwelling house by plaintiff for defendant. According to plaintiff's complaint, defendant in violation of said contract on June 24, 1947, terminated the contract and refused to permit plaintiff to complete the construction of the dwelling. Plaintiff on August 12, 1947, filed a claim for a mechanic's lien for unpaid labor and materials and subsequently on September 13, 1947, plaintiff filed a complaint in assumpsit for the same claim as is covered by the previously entered mechanic's lien. On October 3, 1947, defendant filed a petition to strike off the aforesaid mechanic's lien, and on the same day he also filed a petition raising preliminary objections to the instant action in assumpsit because of the previously entered mechanic's lien and further prayed for a rule to show cause why the assumpsit action should not be stayed pending disposition of the mechanic's lien claim, and why the complaint should not be dismissed and stricken from the record. This petition raising preliminary objections was dismissed in an opinion of this court, reported in 31 Northamp. 173, and defendant was directed to file an answer to plaintiff's complaint within 20 days.

Instead of filing an answer, defendant again filed preliminary objections and a motion for a more specific pleading, whereon a rule was granted to show cause why a more specific complaint should not be filed. The latter preliminary objections and rule are now before us for disposition.

Plaintiff contends that since defendant had filed preliminary objections which had been adjudicated by the court, he is not now permitted to file further prelim-

inary objections and cites as a bar thereto Pa. R. C. P. 1028(*b*) governing actions at law that "All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading." Defendant urges upon us that we should not enforce this mandatory rule and cites Pa. R. C. P. 126 as authority for our ignoring or waiving Pa. R. C. P. 1028(*b*). Rule 126 states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Rule 126, it is urged, should prevail over rule 1028(*b*). Rule 126 has been applied in certain cases of amendments to pleadings, and in order to fall within the reasoning of said cases, defendant in his written brief asks that we "now grant leave to amend the original petition raising preliminary objections under rule 1017(*b*) (5) to include a motion for a more specific complaint under section (*b*) (3) of said rule and consider said original petition to be so amended, or to take such other action as may seem just and proper under rule 126". We cannot accede to the request to consider the preliminary objections before us as an amendment to the original preliminary objections for a number of reasons. A disposition and adjudication has been made on the original preliminary objections. The instant preliminary objections are not filed as an amendment. No request is made to reopen the adjudication on the original preliminary objections. The most important reason, however, is the mandatory language of rule 1028(*b*).

Prior to the promulgation of the latter rule, under the former practice, a defendant was permitted to raise in limine before filing an answer to the merits four

motions, namely, objections to the jurisdiction, a motion to strike off, a motion for more specific statement, and a statutory demurrer, which could be raised serially, producing great delay in raising the actual issues for trial on the merits. Judge Goodrich and Mr. Amram, members of the Committee on Pennsylvania Procedural Rules, in their commentary and interpretation of the rule, state: "Perhaps the most radical of all the changes made by these rules relate to the procedure by which the defendant may attack questions of jurisdiction, and errors of form or substance in the complaint. The principal changes are all directed toward one ultimate goal—reducing to the minimum the number of dilatory steps which the defendant may take prior to filing his answer to the merits. . . . The scheme of these rules is to preserve for the defendant as much as possible of his rights under the prior practice, and at the same time to reduce the pre-answer dilatory activities to a single step." In another commentary the authors reiterate: "The scheme of these Rules is to reduce the dilatory portion of the pleading stage to a single step, in which the defendant must combine all his dilatory matters," with one exception which is not pertinent to a consideration of the instant case.

That rule 1028(*b*) is mandatory and not to be ignored by us appears most clearly under rule 1032 where it is provided: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply", with two exceptions which are not present in the case at bar. The authors of Goodrich-Amram Procedural Rules Service in their discussion and comments on rule 1032 state that "The requirement that the defendant must raise every possible preliminary objection at one time (under Rule 1028(*b*), under penalty of a waiver of certain types of objection not so raised (under Rule 1032) is essential to the scheme of these rules. Without it, the re-

striction to the single dilatory stage would be ineffective. . . . Rule 1032 provides for an irrevocable waiver by the defendant of any 'defense and objections' which are not presented by 'preliminary objection' or by 'answer' " with certain exceptions not material to this opinion.

The complaint states a cause of action. Objection is made that items sued for are "lumped". Attached to the complaint is the original contract entered into between plaintiff and defendant, where it is provided, inter alia, "the contractor shall before the last day of each month deliver to the owner a statement showing in detail and as completely as possible all monies paid out by him towards the cost of erecting the home for the owner, which amount shall be promptly checked by the owner and be payable on request." Defendant in his written brief states:

"It may be that plaintiff will claim that itemization was made in monthly statements furnished the defendant, and while it is admitted that defendant paid plaintiff $8,412.06 against the amounts claimed on statements furnished by the plaintiff, the said payments did not in any sense approve the said items appearing on the said statements. On the contrary, defendant specifically questioned and protested a number of items shown on the statements without having satisfactory explanations thereof given by the plaintiff."

Another example of complaint made is that an exhibit attached to the complaint merely gives quantities of various items of materials with the prices thereof without stating the precise dates when the materials were furnished other than to state that they were furnished between April 1, 1947, and June 25, 1947.

It is true that in a trial it would be necessary for plaintiff to prove each item of work done and materials furnished and their reasonable value, and that ordi-

narily in a suit on a quantum meruit basis defendant is entitled to have a complaint itemizing the work and material with more specific details than plaintiff has furnished in the instant complaint. Under all circumstances, however, we are of the opinion that defendant is able to file an answer to protect himself against entry of a summary judgment; and after a pretrial conference which should be held in this suit, we are satisfied that the issues can be clearly drawn.

Pa. R. C. P. 1028(b) and 1032 are most specific and mandatory for our guidance. Rule 126, calling for liberal construction of the other Rules of Civil Procedure, is not to be employed promiscuously to permit noncompliance with the other rules: Wilsey et ux. v. Walter, 43 D. & C. 1. Accordingly, we make the following order:

And now, March 8, 1948, defendant's preliminary objections and rule to show cause why a more specific complaint should not be filed are each dismissed. Defendant is directed to file an answer to plaintiff's complaint within 15 days from the date hereof.